```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


NATASHA WILCOX                    :    CIVIL ACTION
                                  :
         v.                       :
                                  :
THE GEO GROUP, INC.               :    NO. 09-2197
```

MEMORANDUM

McLaughlin, J.                                          March 11, 2010

       The plaintiff, Natasha Wilcox, instituted an action against her former employer, the Geo Group, Inc., alleging violations of the Family Medical Leave Act. The defendant moved for sanctions against the plaintiff for failure to comply with discovery requests. The Court initially denied the defendant's motion for sanctions and provided the plaintiff with opportunities to comply with discovery. The plaintiff has continued to fail to comply with the defendant's discovery requests and with the Court's orders regarding discovery and the status of the case. The defendant has twice written to the Court requesting the Court to reconsider the defendant's motion for sanctions. The Court will grant the defendant's request and dismiss this action.

I.    Background

       The plaintiff brought suit in the Court of Common Pleas in Philadelphia County, and she filed a complaint on or around April 29, 2009, alleging violations of the Family Medical Leave

Act.  The defendant removed the action on May 18, 2009.  The Court held a Rule 16 status conference with the parties on July 9, 2009.  Following that conference, the Court issued an Order that discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by February 1, 2010.  The Court also set dates for dispositive motions, a settlement conference, and a telephone conference to discuss scheduling the remainder of the case.

On October 19, 2009, the defendant moved to compel discovery.  The defendant explained that it had sent the plaintiff interrogatories and requests for documents on June 23, 2009, and, pursuant to the Federal Rules of Civil Procedure, the responses were due July 23, 2009.  Although the defendant contacted the plaintiff's counsel multiple times regarding the outstanding discovery, the plaintiff failed to respond or object.  On October 20, 2009, pursuant to Local Rule 26.1(g), the Court granted the defendant's motion to compel and gave the plaintiff ten days to respond to the discovery requests.

On November 11, 2009, the defendant filed a motion for sanctions seeking dismissal of the plaintiff's complaint with prejudice and attorneys' fees and costs.  The plaintiff's counsel filed a brief in opposition on November 17, 2009, asking the Court to deny the defendant's motion for sanctions so that the

plaintiff may have time to hire a new attorney,[1] and on November 18, he filed a motion to withdraw as counsel. He explained in his motion that he and the plaintiff began to have personality conflicts and that the facts underlying the action were different from what the plaintiff explained during her client interview. He stated that he and the plaintiff had a "substantial difference of agreement . . . concerning the facts and their views as to the merits of the case." Pl.'s Counsel's M. for Withdrawal 4-5.[2]

The Court ordered a hearing on the parties' motions and stated that counsel for the plaintiff and defendant and the plaintiff herself shall attend the hearing. The hearing was held on December 4, 2009, and although counsel for the parties appeared, the plaintiff did not. The Court granted the plaintiff's counsel's motion to withdraw and ordered a case status conference and hearing on the defendant's motion for sanctions to take place on January 15, 2010, providing the plaintiff with time to seek new counsel.

On January 15, 2010, the plaintiff failed to attend the court-ordered hearing and case status conference. The Court called the plaintiff, and the plaintiff participated in the

---

[1] Although the plaintiff has told the Court that she has spoken with several attorneys and has sought new counsel, no new counsel has made an appearance in this matter, and the plaintiff has proceeded pro se. See Hr'g Tr. 5:22-6:3, Jan. 15, 2010.

[2] The plaintiff's counsel's motion to withdrawal was not filed under seal.

3

hearing and conference telephonically.  During the hearing, the plaintiff explained that she had or could obtain certain discoverable paperwork related to her claim.[3]  She also provided the Court with her current address, which was different from that noted on the docket.

Following the hearing and case status conference, the Court denied the defendant's motion for sanctions.  It ordered the defendant to send to the plaintiff, copying the Court, a letter detailing its discovery requests.  It ordered the plaintiff to respond to these discovery requests within fourteen days.

The defendant sent its discovery requests in a letter to the plaintiff on January 18, 2010.  On February 9, 2010, the defendant wrote a letter to the Court explaining that, although two weeks had passed, the plaintiff had not responded to the discovery requests, and it renewed its motion for sanctions.  On February 9, 2010, the Court issued an order that the plaintiff shall respond to the defendant's discovery requests by February 16, 2010.  In the Order, the Court explained that if the

---

[3] During the hearing, the plaintiff explained that she had not received any materials from her former counsel related to her case.  After the hearing, the Court contacted the plaintiff's former counsel and asked that he send to the plaintiff, at the address she provided during the hearing, her file.  The former counsel sent an affidavit to the Court stating that he delivered a copy of the plaintiff's file to the plaintiff on February 1, 2010.

4

plaintiff had any objections to the requested discovery, she should explain these objections in a letter to the Court. The Order provided the Court's fax number and address.

On February 23, 2010, the defendant wrote another letter to the Court explaining that the plaintiff had still failed to satisfy the defendant's discovery requests. The defendant again renewed its motion for sanctions. The Court issued an Order on February 26, 2010, requiring the plaintiff to show cause by March 8, 2010, as to why the defendant's motion for sanctions should not be granted. As of March 11, 2010, the plaintiff has failed to send any response to the Court.

II. Analysis

Federal Rule of Civil Procedure 37(b)(2) authorizes a district court to dismiss an action if a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A)(v). The Court of Appeals for the Third Circuit developed the following six factors for a district court to consider when deciding whether a sanction of dismissal is justified: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

5

alternative sanctions; and (6) the meritoriousness of the claim or defense.  Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984).

The Court need not find all of the Poulis factors satisfied in order to dismiss a complaint.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Instead, the decision must be made in the context of the district court's extended contact with the litigant.  Id.  The factors are to be "weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited."  Poulis, 747 F.2d at 870.

Upon consideration of the Poulis factors, the Court finds that dismissal of the plaintiff's action is an appropriate sanction for her refusal to comply with the Court's orders concerning discovery and the status of her case.

First, the plaintiff is personally responsible for her failure to comply with discovery and this Court's orders since the Court granted her counsel's withdrawal on December 4, 2009, and she has proceeded pro se.  The plaintiff failed to attend the case status conference and hearing on January 15, 2010; failed to comply with the Court's Order requiring her to submit her discovery responses within fourteen days of the defendant's requests; failed to comply with the Court's Order requiring her to submit her discovery responses by February 16; and failed to

comply with the Court's Order to show cause as to why her case should not be dismissed. The Court ensured that the plaintiff had the Court's address and phone number and any materials from her former counsel that she may have needed to comply with the Court's orders. The Court has also stressed to the plaintiff that she must comply with court orders. Hr'g Tr. 23:12-15.

Second, there has been prejudice to the defendant. The defendant has been waiting for discovery responses from the plaintiff for almost eight months. The defendant has endured delay of the Court's adjudication on its motions for sanctions because the plaintiff has twice failed to attend hearings. For over five months, defense counsel has filed motions and sent letters to the Court because of the plaintiff's failure to comply with discovery. Discovery in this matter should have been completed by February 1, 2010, and yet defense counsel is still waiting for answers to its interrogatories, originally sent in June.

Third, the plaintiff has a history of dilatoriness. She failed to attend the two hearings the Court held in her matter, although she was personally ordered to attend. She has also neglected to comply with every single Court order in this action.

Fourth, the Court finds the plaintiff's conduct willful and not the result of excusable neglect. The Court has provided

the plaintiff with numerous opportunities to comply with its orders.  It ensured that the plaintiff had all of the materials she may have needed to satisfy the defendant's discovery requests, including her former counsel's file on her matter, and that all parties involved had the plaintiff's correct address.  It also gave the plaintiff the Court's address and fax number so that the plaintiff could object to any discovery requests and show cause as to why her case should not be dismissed.  See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002) (holding no abuse of discretion for a finding of willful conduct for a plaintiff's failure to comply with court orders).

Fifth, the Court does not find any alternative sanction to be effective in this case.  The plaintiff's history of dilatoriness and disobedience of this Court's scheduling orders indicate that any additional time to comply with the defendant's sought discovery would not be fruitful and would simply delay the proceedings further.  Mindek, 964 F.2d at 1373 ("District court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice.").

With respect to the meritoriousness of the plaintiff's claim, the Court finds this factor neutral.  Under this factor, a claim is meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff.

Poulis, 747 F.2d at 869-70.  In her complaint, the plaintiff asserts that she was terminated from her employment after requesting medical leave, or, if she was terminated prior to her request, the termination was improper.  The defendant stated during the hearing held on January 15, 2010, that the plaintiff was involved in two incidents before she requested medical leave, which lead to "write-ups" and recommendations for termination.  Hr'g Tr. 7:22-8:3.  The plaintiff's former counsel indicated to the Court in his motion for withdrawal that, upon discovery, he found the plaintiff's claim lacking in merit.  In light of these considerations, the Court finds that the meritorious factor does not weigh for or against dismissal.  Emerson, 296 F.3d at 191.

III. Conclusion

In view of the Court's analysis of the Poulis factors, dismissal with prejudice is an appropriate sanction for the plaintiff's conduct.  All but one factor weighs in favor of dismissal, and the one factor that does not is merely neutral.

An appropriate order shall issue separately.